UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FAYE HARVILL and
LEONARD JACKSON,

        Plaintiffs,

v.                                       Case No. 8:06-cv-1280-T-24 MAP

WYETH, ET AL.,

        Defendants.
_____/

**ORDER**

        This cause comes before the Court on Plaintiffs' Motion to Reconsider (Doc. No. 11). Plaintiffs filed their complaint on July 10, 2006. Service of the complaint on Defendants was due on November 7, 2006. On November 8, 2006, the Court issued an order to show cause regarding the failure to serve Defendants. (Doc. No. 3). Plaintiffs responded that the associate that was handling this case left Plaintiffs' counsel's law firm and failed to obtain service prior to his or her departure and that Plaintiffs' counsel was unaware of the failure to perfect service. (Doc. No. 4). Plaintiffs requested, and the Court granted, an additional ninety days to serve Defendants, making service due March 7, 2007. (Doc. No. 4, 5).

        On April 3, 2007, the Court issued another order to show cause regarding the failure to serve Defendants. (Doc. No. 6). The Court directed Plaintiffs to respond by April 10, 2007 or the Court warned that it would dismiss the case. (Doc. No. 6). Plaintiffs did not file a timely response, and on April 11, 2007, the Court issued an order dismissing the case without prejudice. (Doc. No. 7).

        Thereafter, Plaintiffs filed a motion to reconsider, stating that Plaintiffs believed that they

had filed a response to the order to show cause on April 4, 2007 and that due to computer difficulties, the response was never received by the Court. (Doc. No. 8). Additionally, Plaintiffs stated that the reason why service was not perfected was that Plaintiffs' counsel designated a newly hired employee to serve Defendants, and unbeknownst to Plaintiffs' counsel, the new employee failed to obtain service prior to his departure from the law firm. (Doc. No. 9). The Court found that Plaintiffs did not show good cause for failing to serve Defendants and that there was no reason to extend the time for service, and this case has remained closed. (Doc. No. 10).

Thereafter, Plaintiffs filed the instant motion, which is their second motion to reconsider. Upon review of the motion, the Court still finds that Plaintiffs have failed to show good cause for their failure to serve Defendants. Plaintiffs had nine months to serve Defendants prior to this Court closing this case. Plaintiffs seek an additional ninety days to serve Defendants, which is unreasonable and shows Plaintiffs' lack of diligence in prosecuting this case.

Even in the absence of good cause, the Court has the discretion to extend the time for Plaintiffs to serve Defendants. See Lepone-Dempsey v. Carroll County Commissioners, 476 F.3d 1277, 1281 (11th Cir. 2007)(citations omitted). The 1993 Advisory Note to Federal Rule of Civil Procedure 4(m) provides a non-exhaustive list of factors the Court should consider when exercising its discretion regarding extending time for service. One such factor is whether the applicable statute of limitations would bar the re-filed action. The Court notes that Plaintiffs state that the applicable statute of limitations for refiling this action have "potentially expired." However, Plaintiffs do not state that the statute of limitations have actually expired, nor have they briefed this issue. Despite the fact that Plaintiffs have not shown that the statute of limitations would bar the re-filed action, the Court will give Plaintiffs one final chance to serve

all of the defendants. The Court extends the deadline to serve Defendants until May 22, 2007. If Plaintiffs fail to serve any of the defendants by May 22, 2007 and file proof of service by May 25, 2007, the Court will dismiss Plaintiffs' claims against those defendants without prejudice without further notice. **No further extensions will be given.**

Accordingly, it is ORDERED AND ADJUDGED that:

(1)  Plaintiffs' Motion to Reconsider (Doc. No. 11) is **GRANTED**.

(2)  The Court **VACATES** its Order (Doc. No. 7) dismissing this case and directs the Clerk to return this case to active status.

(3)  The Court extends the deadline to serve Defendants until May 22, 2007. If Plaintiffs fail to serve any of the defendants by May 22, 2007 and file proof of service by May 25, 2007, the Court will dismiss Plaintiffs' claims against those defendants without prejudice without further notice.

**DONE AND ORDERED** at Tampa, Florida, this 7th day of May, 2007.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record